# SATTERLEE STEPHENS BURKE & BURKE LLP
### 230 PARK AVENUE
### NEW YORK, NY 10169-0079
### (212) 818-9200

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

E-Mail: zjasper@ssbb.com



August 12, 2010

*Via Hand Delivery*

United States Magistrate Judge James L. Cott
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Bruce Lytle v. JPMorgan Chase No. 08 Civ. 9503 (DAB)(JLC)

Dear Hon. Cott:

      This office represents defendant JPMorgan Chase ("JPMC") in the above referenced action. JPMC writes to request a modification to the present discovery schedule in this action.

      By order dated June 25, 2010 (the "June 25th Order"), the Court directed plaintiff Bruce Lytle to produce to JPMC all other responsive documents and audio recordings by August 13, 2010, together with a list of any and all audio recordings that he is not producing, specifying the participants, the dates and the subject matter of the conversations on each audio recording. By the same order, the Court directed JPMC to produce all responsive documents to Mr. Lytle also by August 13, 2010. These directives were part of an order issued by the Court as a result of a hearing that followed an application by JPMC, which included, among other relief sought, an adjustment in the discovery schedule in this action, requested principally to allow for the entry of a Confidentiality Order in this matter and to afford an opportunity to exchange further materials in advance of a previously scheduled deposition of Mr. Lytle.

      By the instant application JPMC respectfully requests that the August 13, 2010 date be modified to September 3, 2010 to permit that both parties may continue to make further productions. JPMC submits that granting the instant application should not require any adjustment of any subsequent dates established by the June 25th Order.[1]

---

[1] The June 25th Order provides for depositions (September 24th through November 12th), completion of fact discovery (November 19th), expert witness disclosure (December 10th), completion of expert discovery (January 14, 2011), dispositive motion practice (January 28th), and in the absence of dispositive motion

**SATTERLEE STEPHENS BURKE & BURKE LLP**

Hon. James L. Cott
August 12, 2010
Page 2

      JPMC makes this application in order to afford a further opportunity to complete collection and production of documents, which includes a resource-intensive effort by JPMC for the recovery and examination of electronically stored information that has been ongoing for a few months. Relevant documents responsive to Mr. Lytle's request are primarily electronically stored, which, while retained and preserved, are not maintained in a readily accessible format, due largely to their type and age. Instead, the documents, chiefly electronic correspondence, must be categorically identified, located and restored to a user environment akin to their native format, before they can be searched for responsive and relevant material. The evaluation of many tens of thousands of documents is necessary in order to identify material appropriate for production. JPMC has continued to undertake this evaluation in good faith, dedicating substantial resources and incurring significant cost[2] in the process, in furtherance of the parties' shared goal of concluding the instant action without unnecessary delay. JPMC has contacted Mr. Lytle by telephone and email to seek his consent to the instant application, without response.

      In conclusion, for the reasons set forth above, JPMC respectfully requests that the June 25, 2010 Order of this Court be modified to permit plaintiff to produce to JPMC all other responsive documents and audio recordings by September 3, 2010, together with a list of any and all audio recordings that he is not producing, specifying the participants, the dates and the subject matter of the conversations on each audio recording, and to permit JPMC to produce all responsive documents to Mr. Lytle also by September 3, 2010.

[Handwritten annotation: *Per Mr. Lytle's August 15 letter, if defendant has non-confidential documents that are otherwise responsive, they should be produced on a rolling basis (i.e., before Sept. 3 if possible) to Plaintiff.*]

Respectfully submitted,

Zoë E. Jasper, Esq.

**SO ORDERED:**

[Signature]
Hon. James L. Cott
United States Magistrate Judge
8/17/10

cc: Bruce Lytle
    plaintiff, *pro se (via electronic mail and overnight delivery)*

    Tara A. Griffin, Esq.
    Senior VP, Associate General Counsel
    JPMorgan Chase Legal & Compliance Department *(via electronic mail)*

---

practice, the submission of a joint pretrial order (March 4th), with interim party submissions (February 18th and March 4th).

[2] In addition to costs ordinarily associated with litigation discovery, JPMC has incurred substantial costs resulting from the restoration of responsive data and continues to bear an ongoing cost to maintain the data in an accessible format during discovery, giving JPMC an additional reason to share in the Court's interest in expeditiously concluding this action.

811627_2

August 15, 2010



Via U.S. Postal Service
United States Magistrate Judge James L. Cott
United States Dstrict Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Bruce Lytle v. JPMorganChase No. 08 Civ. 9503 (DAB)(JLC)</u>

Dear Honorable Judge Cott:

  Just to get right to the point, what proves that you were at the very least fair in establishing a timetable for exchanging discovery materials is the fact that I was able to complete the task; an inexperienced Pro se working alone, I might add. I feel that this is nothing more then a stall tactic and my primary reason for coming to this conclusion is because, during our last hearing, it was established for the record that the defendant's attorneys had in their possession materials that were deemed non-confidential. I haven't even received those documents as of yet.

  In addition, about three weeks ago I started receiving what I would describe as subtle hints that there was going to be a delay on the part of the defendant to hand over these materials. I am prepared to prove to a Judge and jury how many attempts I made to contact the attorneys representing the defendant to discuss several major concerns - this issue being one of them.

  Therefore, the point that I am simply trying to make is this, those subtle hints turned out to be accurate based on the letter-dated August 12, 2010. So naturally, it raises the question, 'Do they really need more time given the resources that they have at their disposal, or is it just another delay tactic?"

  I would also like the court to give consideration to the fact that this case has already cost me a great deal, and not just in time, energy, and money. I say this because shortly after our last court appearance on June 22nd, my wife packed up her bags and moved out. The main reason behind her decision was this case and how it's changed me as a person.

  I would also like to briefly comment on the statement regarding the tens of thousands of documents that need to be reviewed. If we were to add up all of the documents that were written by all of the individuals directly and indirectly connected to this case, and then multiply that number by 100, you would still fall way short of the number being suggested by attorneys. For the record, the vast majority of the documents that I requested pertain directly to my case and me. These are the same documents that I

have been drawing attention to for the past five years, so if the defendant is now suggesting that during this entire process - they never even bothered to investigate my charges - then why should I be penalized for their oversight.

Shortly before I was terminated, JPMorganChase made it a point to inform me that my charges were thoroughly investigated, which would mean that all of the documents (emails, write-ups, internal chat conversations, etc.) would have been gathered and reviewed by this point. How else would they have been able to make a determination, if not based on the evidence?

Moreover, the mere fact that they stated that tens of thousands of documents need to be reviewed, only supports the threat made by the mediator that if I didn't accept their offer, Chase would bombard me with paperwork.

This letter should serve as nothing more then a statement of protest in how the defendant JPMorgan Chase has been given preferential treatment throughout these proceedings.

Respectfully submitted,

Bruce Lytle Pro se

cc: Tara Griffin, Esq.,
JP Morgan Chase

Zoe E. Jasper, Esq.,
Satterlee Stephens Burke & Burke

*Note:
Please see attached document. Chase is clearly stating they reached a determination on my case based on the facts (documentation, write-ups, interviews, etc.) so it would only make sense that these materials are still available.

that were neither in his chain of command nor in Human Resources. Linda Morales, manager, advised those who received the email that Human Resources would address Mr. Lytle's concerns; hence, there was no action expected from them. Considering that Mr. Lytle worked in an area that has unrestricted access to Chase's main computer systems that store highly confidential customer and financial information [the central information storage center for the company] and Mr. Lytle's numerous complaints about stress and work conditions, Ms. Morales took what she believed were precautionary measures to proactively protect Chase's technology assets by temporarily restricting Mr. Lytle's access to the computer equipment areas during his non-scheduled work days until Human Resources could advise of appropriate action. After consulting with Human Resources, Mr Lytle's access was immediately restored, and he had his same level of access to Chase facilities when he returned to work his regular schedule.

On or around April 27, 2007, Mr. Lytle alleged that a manager had been heard using the word "nigga" in the workplace. Employee Relations immediately investigated, but was unable to confirm Mr. Lytle's report. On June 20, 2007, Mr. Lytle provided additional information to support his allegation. Chase took swift steps to further investigate Mr. Lytle's claims. Based upon the information obtained during the subsequent investigation, appropriate remedial action was taken to address this policy violation. The manager is no longer employed at Chase.

## CONCLUSION

Chase firmly denies that Mr. Lytle has been discriminated or retaliated against as an employee. Mr. Lytle's allegations are without merit and should be dismissed.

Based on the facts provided herein, JPMorgan respectfully requests that the Equal Employment Opportunity Commission issue a dismissal. Should you need any additional information, please contact me at 713) 216-8333.

Sincerely,

*[signature]*

Lillian M. Davenport, SPHR
Employee Relations