```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRUCE LYTLE,

                    Plaintiff,              08 CIV. 9503 (DAB)

                                             ADOPTION OF REPORT
                                             AND RECOMMENDATION
          -against-

JP MORGAN CHASE,

                    Respondent.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge James L. Cott, dated February 8, 2012 (the "Report"). The facts and procedural history of this matter are set forth in detail in the Report and will not be repeated here. The Report recommends that Defendant's Motion for Summary Judgment (Docket # 81) be GRANTED and the Complaint dismissed.

According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b)(2) (stating that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). The Court reviews objected-to

portions of the Report <u>de novo</u>. See 28 U.S.C. § 636(b)(1)(C). Nevertheless, "a <u>pro se</u> party's objections to the Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party will be allowed a second bite at the apple by simply relitigating a prior argument." <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citing <u>Pickney v. Progressive Home Health Services</u>, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Plaintiff filed timely Objections to the Report on February 22, 2012.[1] Plaintiff's Objections, which contain general allegations of perjury and evidence tampering on the part of Defendants and the Court, clearly fall short of the standard for specificity and particularity required to warrant <u>de novo</u> review. Reading the Objections broadly and with considerable latitude, the Court can locate only two possible specific Objections, neither of which cast doubt on the conclusions reached in the Report.

Lytle appears to challenge the Affidavit of Mike Melleby. (Obj., p. 3.) Lytle states that he was never offered the

---

[1] At his request, the Court granted Plaintiff Bruce Lytle an extension until March 16, 2012 to file Objections, but did not receive any additional submission from Plaintiff beyond the February 22, 2012 submission.

opportunity to maintain his then-current schedule, as Melleby apparently claims. (Id.) The Report, however, does not credit Melleby's Affidavit on this point, and instead assumes that Lytle's claim is true and that Lytle was never offered the opportunity to maintain his schedule. (See, Report, p. 54.) Lytle does not dispute that Defendant accommodated his religious beliefs with an arrangement that Lytle himself suggested. (Id.) Nor does Lytle dispute that when he became dissatisfied with the arrangement he had suggested, Defendant asked him to suggest three alternatives, and he refused. (Id.) Melleby's Affidavit is simply irrelevant on this point, as the Report correctly states that Lytle had no right to "hold out for the most beneficial accommodation." (Id. (quoting Banker v. Home Depot, 445 F.3d 541, 548 (2d Cir. 2006) (internal quotation marks omitted).) Viewing the facts in the light most favorable to Plaintiff, there is no genuine dispute of material fact on Lytle's religious accommodation claim.

Plaintiff also Objects that Defendant's unredacted motion papers were not filed in accordance with Magistrate Judge Cott's Order of September 1, 2011, which denied Defendant's request to file those documents under seal. (See Docket #80.) A review of the Docket Sheet in this case however, shows that those documents

3

were filed on September 15, 2011, as directed.  (See Docket ## 81-98.)

Having reviewed the remainder of the Report, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation, Docket Entry No. 121, of United States Magistrate Judge James L. Cott, dated February 8, 2012, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety;

2. Defendant's Motion for Summary Judgment (Docket #81) is GRANTED and the Complaint is DISMISSED with prejudice; and

3. The Clerk of Court is directed to CLOSE the docket in this case.


SO ORDERED.


Dated:    New York, New York
          March 30, 2012

                                    Deborah A. Batts
                                    United States District Judge